United States Bankruptcy Court
Northern District of Illinois, Eastern Division

IN RE: Bidemi Liadi ) Case No. 20-14765
) Judge David D. Cleary

**Notice of Motion/Certificate of Service**

Bidemi Liadi  
18434 Stewart Ave  
Homewood, IL 60430

Debtor Attorney: Geraci Law L.L.C. via Clerk's ECF noticing procedures

Supplemental notice to:
Fifth Third Bank, P.O. Box 637640 Cincinnati, OH. 45263-7640
Adam Hall, Manley Deas Kochalski LLC P.O. Box 165028 Columbus, OH. 43216-5028

On June 28, 2021 at 1:00 pm, I will appear before the Honorable David D. Cleary or any judge sitting in that judge's place, and present this motion, a copy of which is attached.

This motion will be presented and heard electronically using **Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: <https://www.zoomgov.com/>. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

I certify under penalty of perjury that this office caused a copy of this notice to be delivered to the persons named above by U.S. mail or by the methods indicated on or before May 11, 2021.

/s/ Yanick Polycarpe  
on behalf of  
MARILYN O. MARSHALL, TRUSTEE

**Motion to Dismiss**

NOW COMES Marilyn O. Marshall, Standing Trustee, and requests this case be dismissed pursuant to 11 U.S.C. §1307(c), or in the alternative converted, and in support thereof respectfully states the following:

1. Debtor filed for Chapter 13 relief on July 30, 2020.

2. Debtors' Chapter 13 plan, confirmed January 11, 2021, calls for 1% to be disbursed to general unsecured creditors and for the cure of mortgage arrears.

3. Debtor's schedule A lists an interest in real property commonly known as 18434 Stewart Ave., Homewood, IL. 60430, which has a property identification number of 31-01-206-018-0000.

4. Debtor's schedule D represents that the real property has a fair market value of $137,494 as is encumbered by a lien held by Fifth Third Bank NA in the amount of $107,418.

5. Fifth Third Bank filed a secured claim in the amount of $109,093.06 with total arrears of $4,609.62. See ECF claims register claim #15.

6. Bankruptcy Rule 3001(c)(1) requires that when a claim is based upon a writing, "a copy of the writing shall be filed with the proof of claim."

7. Bankruptcy Rule 3001(d) requires that a proof of claim asserting a security interest in property of the debtor, the proof of claim shall accompany evidence that the security interest has been perfected.

8. The claim #15 filed by Fifth Third Bank NA does not attach a mortgage, note or any evidence of the writing that supports the claim.

9. The claim #15 also fails to attach any evidence that the creditor's security interest has been properly perfected.

10. The Office of the Trustee has reached out to the attorney for the creditor and debtor's attorney but, to date, the claim has not been amended to provide evidence in writing.

11. On information and belief, based upon a search of the online records maintained by the Cook County Clerk, Fifth Third Bank NA, it is possible this creditor does not hold a properly perfected lien.

12. If the real property is in fact unencumbered, then this plan does not meet the requirements of 11 U.S.C. 1325(a)(4).

12. On Information and belief, were a Chapter 7 Trustee appointed, the creditors would be entitled to more that the 1% currently provided for in this Chapter 13 plan based upon liquidation of the possible equity in real estate.

Wherefore, for the above state reasons, Trustee prays that the instant case be dismissed, or in the alternative converted to a matter under Chapter 7 of the Bankruptcy Code, and for any and all other relief this court deems just and proper.

Respectfully submitted:
/s/Yanick Polycarpe
for Marilyn O. Marshall, Trustee

Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan, Suite 800
Chicago, IL  60604
312-431-1300